UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 24-022-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| VONNIE J. MCDANIELS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Vonnie McDaniels has been charged with committing wire fraud in violation of 18 U.S.C. § 1343, aggravated identity theft in violation of 18 U.S.C. § 1028A, money laundering in violation of 18 U.S.C. § 1957, and violating conditions of his release pursuant to 18 U.S.C. § 3147. These charges relate to an alleged scheme to defraud COVID-19 relief programs. [Record No. 1] In advance of the jury trial, the United States has filed an unopposed motion *in limine* to admit certain documents as business records, lack of business records, and public record pursuant to Rule 803(6)-(8) of the Federal Rules of Evidence. [Record Nos. 33, 35] The motion will be granted for the reasons outlined below.

**I.**

The United States alleges that Defendant McDaniels executed a scheme to defraud COVID-19 pandemic relief programs, including the United States Small Business Administration's Payment Protection Program and Economic Injury Disaster Loan program, as well as Lexington-Fayette Urban County Government's Housing Stabilization Program ("HSP"). Specifically, the government contends that McDaniels submitted false statements

and documents about his businesses and rental properties to obtain government funds. It also asserts that McDaniels committed aggravated identity theft by using the identity of his two tenants as part of the HSP rental relief application.

## II.

Rule 803(6) of the Federal Rules of Evidence "permits business records to be admitted into evidence despite the normal bar against the introduction of hearsay provided that the records: (1) were 'created in the course of a regularly conducted business activity;' (2) were 'kept in the regular course of that business; (3) resulted from a 'regular practice of that business' to create such documents; and (4) were 'created by a person with knowledge of the transaction or from information transmitted by a person with knowledge.'" *United States v. Ramer*, 883 F.3d 659, 677–78 (6th Cir. 2018) (quoting *Yoder & Frey Auctioneers, Inc. v. EquipmentFacts, LLC*, 774 F.3d 1065, 1071–72 (6th Cir. 2014). These conditions may be shown "by a certification that complies with Rule 902(11)." *Ramer*, 883 F.3d at 678 (quoting Rule 803(6)(D) of the Federal Rules of Evidence). A business record is self-authenticating once it is certified. *See* Fed R. Evid. 902.

Generally, the business records exception "is based on the indicia of reliability that attaches to a record created or maintained by an employer in the ordinary or regular course of their business." *Peak v. Kubota Tractor Corp.*, 559 F. App'x 517, 523 (6th Cir. 2014) (quoting *Cobbins v. Tenn. Dep't. of Transp.*, 566 F.3d 582, 588 (6th Cir. 2009)). Once a proper foundation has been laid for the introduction of a business record, it should be admitted "absent specific and credible evidence of untrustworthiness," and the jury should be permitted to determine the weight to give to the record. *Peak*, 559 F. App'x at 523 (citing *United States v. Hathaway*, 798 F.2d 902, 907 (6th Cir. 2006)). Whether to grant a motion *in limine* falls within

the sound discretion of the trial court. *Branham v. Thomas Cooley Law Sch.*, 689 F.3d 558, 560 (6th Cir. 2012).

The United States seeks to admit seven sets of documents as business records pursuant to Rule 803(6). Most of the records reference the business activities of V&M Leawood of Frankfort LLC and V&R Foods LLC. Defendant McDaniels is the sole member of each LLC. The United States provided McDaniels with notice of its intent to offer each record, as well as the opportunity to challenge each record's admissibility. To determine admissibility, the Court independently analyzes each record request.

### Blue Vine, Inc. Payment Protection Program (PPP) Records

McDaniels submitted two applications for the Paycheck Protection Program ("PPP") to Blue Vine, Inc., a federally insured financial institution approved by the Small Business Administration to process PPP loan applications. He submitted one application for V&M Leawood of Frankfort LLC and another for V&R Foods LLC. A representative of Blue Vine, Inc. provided the United States with these records as they are maintained in the regular conduct of business along with a business records certification. This constitutes self-authentication pursuant to Rule 902(11). FED. R. EVID. 902(11).

### Kabbage, Inc. PPP Records

McDaniels submitted two PPP applications to this federally insured financial institution for V&R Foods LLC, including a "first draw" and "second draw" application. Valerie Holland, a paralegal at Kabbage, Inc., provided the records the company maintains in the regular course of business to the United States and attached a business records certification, satisfying Rule 902(11).

**Commonwealth of Kentucky Records**

The United States intends to introduce records produced by Kentucky's Department of Facilities and Support Services. These records "include leases, lease modification documents, records relating to the cancelation of the lease, and records relating to a fraudulent letter purportedly from the Department of Facilities." [Record No. 33] Brian Hoover, a property management branch manager with Kentucky, provided these documents to the United States along with a business records certification. Thus, Rule 902(11) is satisfied.

**Kentucky Bank Records**

Kentucky Bank issued a mortgage on 911 Leawood Drive to V&M Leawood of Frankfort LLC. The records the United States intends to introduce refer to communications between McDaniels and Kentucky Bank regarding the process for obtaining the mortgage. They also show purportedly falsified documents, mortgage documents, and an internal memo created by Kentucky Bank. Melinda Biddle, a records custodian at Kentucky Bank, provided these documents to the United States along with a business records certification, satisfying Rule 902(11).

**JP Morgan Chase Records**

The United States received three sets of records from JP Morgan Chase Bank.[1] The first set V&M Leawood of Frankfort LLC includes account opening documents and statements from June 2019 to February 2020. The second set for V&M Leawood includes monthly statements from February 2020 to April 2021, reflecting potentially unlawful transactions. The third set of records include statements regarding V&M Leawood, McDaniels' personal

---

[1] These bank documents relate to the account for V&M Leawood of Frankfort LLC ending in *0179.

account, and credit card statements. These records reflect a potentially unlawful deposit of funds. JP Morgan Chase Bank provided business record certifications from custodians for each set of records, satisfying the rules for admissibility.

### Navy Federal Credit Union Records

The United States received two sets of Defendant McDaniels' Navy Federal Credit Union records. The first set contains documents from 2017 to June 2020 while the second contains documents from June 2020 to October 2021. These records suggest potentially unlawful transactions occurred. The Navy Federal Credit Union provided business record certifications from custodians for each set of these records, satisfying the rules for admissibility.

### Google Subscriber Records

As a landlord, McDaniels allegedly submitted applications to obtain funding from the HSP through the Lexington-Fayette Urban County Government for two of his rental properties. Both the landlord and the tenant were required to submit applications. The United States obtained subscriber records from Google LLC for the email addresses used on the tenant portions of the associated HSP applications. Katrina Thompson, a records custodian with Google LLC, provided these documents to the United States along with a business records certification. These records meet the requirements of Rule 902(11).

### III.

The United States also seeks to introduce two sets of documents for the purpose of proving absence of records regarding a regularly conducted activity under Rule 803(7) of the Federal Rules of Evidence. This rule permits the admission of the absence of a record regarding a regularly conducted activity if: (1) "the evidence is admitted to prove that the

matter did not occur or exist;" (2) "a record was regularly kept for a matter of that kind;" and (3) "the opponent does not show that the possible source of the information or other circumstances indicate a lack of trustworthiness." FED. R. EVID. 803(7)(A)-(C).

### Lack of IRS Records

The Internal Revenue Service ("IRS") certified that it lacks filing records for McDaniels, V&R Foods LLC, and V&M Leawood of Frankfort LLC. The certification states that the Commissioner of the IRS has custody of federal tax records, notes that the Commissioner would maintain the records listed on the form and would have access to the records, and signifies that no such records were located. Specifically, "the IRS stated that it did not have tax returns filed for any of these entities." [Record No. 33] These statements "were certified to be true, signed by an IRS disclosure specialist, and affixed with an IRS seal." *Id*. These records ay be introduced under Rule 803(7) as a result.

### Lack of Office of Unemployment Insurance Records

The Kentucky Labor Cabinet responded to two grand jury subpoenas seeking "Quarterly Unemployment Wage and Tax Reports" for V&R Foods LLC from 2017 to 2021 and V&M Leawood of Frankfort LLC from 2018 to 2023. [Record No. 33] The Office of Unemployment Insurance provided letters stating that it did not have responsive records. On May 9, 2024, a records custodian of Kentucky Office of Unemployment Insurance provided a certification regarding the lack of these business records on file. *Id*. Specifically, the custodian did not have Quarterly Unemployment Wage and Tax Reports for the defendant's companies involved in this matter, even though it was regular practice to record these documents if they had been filed. As such, these records can be admitted pursuant to Rule 803(7).

IV.

Finally, the United States intends to introduce a certified record of the 2017 administrative dissolution of V&R Foods LLC from the Kentucky Secretary of State. Rule 803(8) of the Federal Rules of Evidence allows a record or statement of a public office to be admitted if "it sets out . . . the office's activities, a matter observed while under a legal duty to report" and "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." FED. R. EVID. 803(8). Under KRS 14.040, the Kentucky Secretary of State certifies its official acts under its seal. This record is admissible pursuant to Rule 803(8).

V.

Based on the foregoing, it is hereby

**ORDERED** that the United States' motion *in limine* [Record No. 33] is **GRANTED**.

Dated: June 27, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky