UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 24-022-DCR |
| V. | ) ) | |
| VONNIE J. MCDANIELS, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Vonnie J. McDaniels has moved for leave of the Court to file a pretrial defensive motion outside the deadline established by the Court's Pretrial and Discovery Order. [*See* Record No. 45; *see also* Record No. 16, ¶ 4.] Having failed to demonstrate the requisite good cause, McDaniels' motion will be denied.

**I.**

Per this Court's Pretrial and Discovery Order, defensive motions "must be filed within thirty days after arraignment . . . or within fifteen days of [a] subsequent arraignment" on a superseding indictment. [Record No. 16, ¶ 4] McDaniels was arraigned in the instant matter on March 26, 2024—giving him until April 25, 2024, to file any defensive motions. [Record No. 13] More than two months after the deadline had passed, McDaniels submitted a letter to the Court requesting permission to proceed *pro se* due to dissatisfaction with his CJA-appointed counsel. [Record No. 38] In relevant part, his letter noted that counsel "declined to file several pretrial motions" and maintained her position despite McDaniels' repeated requests

for her to reconsider. One of the defensive motions McDaniels highlights in his letter addresses vindictive prosecution—the defense he seeks to raise through the instant motion.

A Motion Hearing to address McDaniels' request to proceed *pro se* was held on July 3, 2024, before Magistrate Judge Matthew A. Stinnett. [Record No. 43] At the hearing, McDaniels elected not to proceed *pro se* and instead sought new counsel. After concluding that there had been "a complete breakdown of trust and communication" between McDaniels and his attorney, Magistrate Judge Stinnett granted McDaniels' request for new counsel. [*Id.*] McDaniels' new counsel filed the instant motion on August 2, 2024—thirty days after being appointed to represent McDaniels and almost one hundred days after the Court's deadline for filing defensive motions had passed. [Record No. 45]

**II.**

A defendant who seeks to raise vindictive prosecution as a defense or objection in a criminal prosecution must do so through a pretrial motion. Fed. R. Crim. P. 12(b)(3)(A)(iv). The deadline for filing such a pretrial motion may be set by the Court at or following the defendant's arraignment. Fed. R. Crim. P. 12(c)(1). Failing to meet the Court's deadline renders the motion untimely. Fed. R. Crim. P. 12(c)(3); *see* Local Rule 47.1 (noting that "motions *must* be filed within the time period ordered by the Court") (emphasis added). Nevertheless, a court *may* consider an untimely motion upon a showing of good cause.[1] Fed. R. Crim. P. 12(c)(3).

---

[1] "The party seeking relief must show 'good cause' for failure to raise a claim by the deadline, a flexible standard that requires consideration of all interests in the particular case." Fed. R. Crim. P. 12(c)(3) advisory committee's note to 2014 amendment.

In McDaniels' letter requesting to proceed *pro se*, he indicates that his counsel at that time "declined to file several pretrial motions" that McDaniels believes "are crucial for [his] defense strategy." [Record No. 38]  He further asserts that "[d]espite [his] repeated requests and attempts to discuss these motions with [counsel], she [] maintained her position."  [*Id.*]  This statement highlights the fact that McDaniels' prior counsel was mindful of a potential vindictive prosecution defense and opted not to pursue it.  "Trial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as 'what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence.'"  *McCoy v. Louisiana*, 584 U.S. 414, 422 (2018) (quoting *Gonzalez v. United States,* 553 U.S. 242, 248 (2008)).

McDaniels' motion for leave is premised on the claim that the appointment of new counsel constitutes good cause for extending the deadline for pretrial motions.  [*See* Record No. 45.]  While that may prove true in some instances, it is not a default justification for extending deadlines.  Demonstrating good cause requires "an explanation for both the delay *and* the potential prejudice."  *United States v. Trujillo-Molina*, 678 F. App'x 335, 338 (6th Cir. Feb. 2, 2017).  In this instance, missing the defensive motions deadline was neither an accident nor the result of subsequent case development.  Rather, it was an intentional decision made by McDaniels' prior counsel.  It is well-established that strategic decisions made by counsel are afforded the presumption of "sound trial strategy," *Michel v. Louisiana*, 350 U.S. 91, 101 (1955), and "are virtually unchallengeable" when made on an informed basis, *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

The Sixth Circuit has held that "good cause to excuse non-compliance with a court-ordered deadline is absent if the failure to timely file resulted from the lawyer's decision not

to file a pretrial motion before the deadline." *United States v. Gulley*, 780 F. App'x 275, 283 (6th Cir. July 11, 2019) (citing *United States v. Turner*, 602 F.3d 778, 787 (6th Cir. 2010)). Inviting McDaniels' new counsel to revisit and indirectly challenge the strategic decisions made by competent prior counsel without offering a substantial justification for doing so would be improper. *See United States v. Steele*, 727 F.2d 580, 591 (6th Cir. 1984) (noting that "trial tactics and strategy . . . should not be subjected to second guessing and hindsight").

Having failed to demonstrate the requisite showing of good cause, the Court need not explore the potential prejudice faced by the United States if McDaniels' untimely motion were to be accepted. Similarly, the Court does not reach any conclusions respecting the attached Motion to Dismiss the Indictment.

### III.

Based on the foregoing analysis, it is hereby

**ORDERED** that Defendant McDaniels' Motion for Leave to File Pretrial Defensive Motion [Record No. 45] is **DENIED**.

Dated: August 8, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky